UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

HEATHER DUNN,

    Plaintiff,

vs.

REVENUE COLLECT; and DOES 1 through 10, inclusive,

    Defendant.

Civil Action No.:

1:13-cv-438 GBL/TRJ

COMPLAINT AND DEMAND FOR JURY TRIAL

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Heather Dunn (hereinafter "Plaintiff"), an individual consumer, against Defendant, Revenue Collect (hereinafter "Defendant") for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, as well as for violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA").

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227 et seq., and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Heather Dunn, is a consumer, a natural person allegedly obligated to pay any debt, residing in Fauquier County, in the state of Virginia.

4. Defendant, Revenue Collect, is a foreign company engaged in the business of collecting debt in this state with its principal place of business located in the state of Pennsylvania. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to 2012.

9. Upon information and belief, Defendant repeatedly and continuously called Plaintiff numerous times with an intent to harass Plaintiff by utilizing an automatic telephone dialing system (hereinafter "auto-dialer") without Plaintiff's express written consent, of which calls were not for emergency purposes, after Plaintiff had already told Defendant not to call her anymore.

10. Defendant utilized unfair and unconscionable means to try to receive payments from Plaintiff through the usage of its above-stated illegal actions.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

### V. FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

    (b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Heather Dunnk for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### *VI. SECOND CLAIM FOR RELIEF*

15. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendant made calls to Plaintiff using an automatic telephone dialing system and artificial or prerecorded voice to Plaintiff's cellular telephone number without the prior express consent of Plaintiff and despite her specific instruction not to call her cellular phone, in violation of 47 U.S.C. § 227b(1)(A)(iii).

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the TCPA, Defendants are liable to the Plaintiff, Heather Dunn, for declaratory judgment that Defendants' conduct violated the TCPA; actual damages pursuant to 47 U.S.C. § 227; statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227; treble damages pursuant to 47 U.S.C. § 227; and reasonable costs and attorney fees pursuant to 47 U.S.C. § 227 from each Defendant herein.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Revenue Collect, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA; and declaratory and injunctive relief for Defendant's violations of the TCPA; and

B. Actual damages; and

C. Statutory damages pursuant to 15 U.S.C. § 1692k; and

D. Statutory damages pursuant to 47 U.S.C. § 227; and

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, and 47 U.S.C. § 227; and

F. Punitive damages; and

G. For such other and further relief as the Court may deem just and proper.

DATED: March 28, 2013

RESPECTFULLY SUBMITTED,

By: /s/ Richard W. Ferris
Richard W. Ferris
VSB# 31812
FERRIS WINDER, PLLC
530 East Main Street, Suite 710
Richmond, VA 23219
Tel: 804-767-1800
E-mail: rwferris@ferriswinder.com
*Attorney for Plaintiff,*
*Heather Dunn*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that plaintiff Heather Dunn demands trial by jury in this action.